## Moore *v.* The State.

HOLDEN, J. 1. Upon the trial of one charged with murder, the court charged the jury, regarding the testimony of a witness who testified for the State, as follows: "If you believe, previously to this trial, Strickland did go before the grand jury of this county, made sworn statements before them as to matters relevant to this issue, contradicting himself as to such matters even before that body, first swearing before them he knew nothing at all about this transaction, afterwards telling them that he did, then comes before you and swears to matters relevant to the issue in this case, in contradiction of some parts, or all, of the relevant matters he swore to before that body, concerning this transaction, and you believe that whatever he said before that body was voluntarily, knowingly, and wilfully said by him, then you should disregard his testimony in your investigation of this case. On the other hand, if you believe, although he may have sworn differently, before that body, to what he has in the trial of this case, as to such relevant matters, contradicted himself in that way, he was influenced to make such statements before that body, through fear, either that his life might be taken, or bodily harm might come to him, and that was the cause of his statements, or testimony, before that body, then I charge you, gentlemen, if you find his testimony, as delivered in this case, is

corroborated by other competent and credible evidence, or is corroborated by the proven circumstances, in this case, you would still consider it in arriving at your verdict in this case." *Held,* that this charge was not error requiring a new trial for any reason assigned by movant, in view of the entire charge.

2. There is no merit in the ground of the amendment to the motion for a new trial that the court "failed to leave to the jury the question of veracity of the witness Strickland [the witness referred to in the preceding note], under proper, full, legal charge on that subject."

3. The evidence was sufficient to support the verdict.

> *Judgment affirmed. All the Justices concur.*
> JULY 12, 1911.

Indictment for murder. Before Judge Maddox. Chattooga superior court. April 22, 1911.

*C. D. Rivers* and *F. W. Copeland,* for plaintiff in error.

*H. A. Hall, attorney-general,* and *John W. Bale, solicitor-general,* contra.